**Ahmed MASOOD; Shamsuda Begum, aka Shaista Begum, aka Shamsuda Masood, Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72257.

Agency Nos. A71–583–668, A71–583–669.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2003.\*\*

Decided Aug. 7, 2003.

---

\* John Ashcroft, Attorney General of the United States, is substituted for the Immigration and Naturalization Service. *See* 8 U.S.C. § 1252(b)(3)(A).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,*** Court of International Trade Judge.

## MEMORANDUM****

Ahmed Masood and Shamsuda Begum petition for review of the decision of the Board of Immigration Appeal ("BIA") denying their application for asylum, withholding of deportation, and suspension of deportation. Because the facts are known to the parties, we do not recite them here. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 govern Petitioners' appeal.[1] Thus, we have jurisdiction pursuant to 8 U.S.C. § 1105a (1996). We deny the petition in part and dismiss the petition in part for lack of jurisdiction.

■ As an initial matter, Petitioners urge us to evaluate new evidence.[2] This we decline to do. Because Petitioners previously moved to reopen before the BIA on different grounds, they are clearly aware that a motion to reopen is the appropriate procedure to bring such evidence to the attention of the BIA. Petitioners did not move to reopen on the basis of this evidence; thus we cannot conclude that the BIA abused its discretion in failing to consider it.[3] Accordingly, our analysis proceeds without consideration of the materials submitted for the first time on appeal.

■ Substantial evidence supported the BIA's conclusion that Petitioners are ineligible for asylum or withholding of deporta-

---

*** The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

2. This evidence consists of a United States Department of State country report for Bangladesh from October 2001 and a note from Petitioners' daughter's doctor from July 2002.

3. *See Fisher v. INS,* 79 F.3d 955, 964 (9th Cir.1996) (en banc).

tion.[4] The BIA adopted the Immigration Judge's adverse credibility finding. The record amply supports the finding. Masood's description of events central to his asylum claim varied substantially over time, inevitably trending toward a version more favorable to Petitioners' claims.[5] As Petitioners did not show credible subjective fear of persecution, their asylum claim must fail.[6] Credible subjective fear of persecution is also required for eligibility for asylum under a pattern or practice theory.[7] Thus, even assuming Petitioners had shown a pattern or practice of persecution against Ahmadis in Bangladesh (which they did not), their asylum claim would fail. Because Petitioners failed to demonstrate eligibility for asylum, their withholding of deportation claim also fails.[8]

■ Petitioners seek our review of their claim that the BIA erred in concluding they failed to show "extreme hardship," thus entitling them to eligibility for suspension of deportation.[9] However, whether an alien has established "extreme hardship" is a discretionary determination.[10] Thus, we lack jurisdiction.[11]

PETITION DENIED in part and DISMISSED in part.

---

4. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001).

5. *Id.* at 1043; *Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

6. *Chebchoub*, 257 F.3d at 1042.

7. *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999); *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir.1994) (discussing the pattern or practice theory in relation to an alien's ability to satisfy the objective component of fear of persecution).  .

---

8. *Leon–Barrios*, 116 F.3d at 394.

